## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

RICHARD A. LOHR, JR., SHERRI L. LOHR, CATHERINE B. BASS, RICKY BRAYBOY, LORIE A. BRAYBOY, THOMAS W. BOOTH, LAURA R. BOOTH, HELEN S. BROCKETT, WILLIAM D. BROCKETT, GARY A. BURTON, ELIZABETH M. BURTON, JOHN D. CAIN, LOLA A. F. CAIN, TRACY D. CAIN, DURWARD C. CANNON, HELEN P. CANNON, MICHAEL L. DAVIS, NICOLE M. DAVIS, WILLIAM P. EDGE, NANCY R. EDGE, DEBORAH A. ERICKSON, SCOTT C. ERICKSON, TERRI L. FERGUSON, ROXANNE D. HIGGS, TROY D. HILL, MARY F. S. HILL, TERRY L. HULEN, KHARI R. HULEN, CLYDE F. INKS, HERMINE L. INKS, JASON D. JACOBS, HEIDI L. JACOBS, AARON M. KINLAW, KRISTINA H. KINLAW, SHARLENE A. LEE, TIFFINEI C. LEE-HUERTAS, MIGUEL HUERTAS, ROBERT E. L. LUCAS, TIMOTHY HILL, MELISSA HILL, THERESA M. LUCAS, FAYE D. MCCORMICK, NEIL B. MCDONALD SR., SANDRA G. MCDONALD, JOSHUA J. PAQUETTE, SAMANTHA M. PAQUETTE, JEFFREY B. RIDDLE, SUSAN C. RIDDLE, ALLAN J. RIDDLE, JAMES W. ROSE, TRACEY R. FRINK, JAMES A. SHECKELS, REBECCA L. S. SHECKELS, DAVID P. SMITH, EMMA M. SMITH, JOHN E. TULL, XIUSHUANG TULL, FREDDIE E. TYUS, MARILOU B. TYUS, WADE H. SINGLETARY, DENISE SINGLETARY, MARK VAUGHN, TONJA VAUGHN, JOEY M. WILLIAMS, CARMEN H. WILLIAMS, ROBERTA WADDLE, FLOYD WADDLE, JACK E. LONG, DIANE LIBECKI-LONG, AND SOONER VENTURES LLC.,

     Plaintiffs,

**Civil Case No.:**

|  |  |
|---|---|
| vs. | ) |
|  | ) |
| THE CHEMOURS COMPANY FC, LLC, | ) |
| THE CHEMOURS COMPANY, E.I. | ) |
| DUPONT DE NEMOURS AND COMPANY, | ) |
| INC., E.I. DUPONT CHEMICAL | ) |
| CORPORATION, CORTEVA, INC., | ) |
| DUPONT DE NEMOURS, INC., ELLIS H. | ) |
| MCGAUGHY, BRIAN D. LONG, AND | ) |
| MICHAEL E. JOHNSON, | ) |
|  | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants The Chemours Company FC, LLC and The Chemours Company ("Chemours") and E.I. DuPont de Nemours and Company hereby remove this action, currently pending in the General Court of Justice, Superior Court Division, Bladen County, North Carolina, Case No.: 20-CVS-498, to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## BACKGROUND

1. On September 15, 2020, Plaintiffs filed a Complaint in the General Court of Justice, Superior Court Division, Bladen County, North Carolina, naming The Chemours Company FC, LLC; The Chemours Company; E.I. DuPont de Nemours and Company, Inc. ("DuPont"); E.I. DuPont Chemical Corporation ("DuPont Chemical"); Corteva Inc. ("Corteva"); DuPont de Nemours, Inc. ("DuPont Inc."); Ellis H. McGaughy ("McGaughy"); Brian D. Long ("Long"); and Michael E. Johnson ("Johnson") as Defendants.

2. Plaintiffs' Complaint was filed on September 15, 2020. In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the state-court file, which includes the process and pleadings filed in the State Court Action, is attached to this Notice of Removal as "Exhibit A."

3. In Plaintiffs' First Claim for Relief, they allege that Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson committed the tort of trespass to real property by releasing toxic PFAS from the Fayetteville Works Site that physically intruded onto and wrongfully entered Plaintiffs' properties. Compl. ¶¶ 208-214.

4. Plaintiffs' Second Claim for Relief alleges Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson committed the tort of private nuisance because the release of chemicals resulting from these Defendants' operation and ownership of the Fayetteville Works Site has caused and continues to cause substantial and significant interference with the use and enjoyment of Plaintiffs' properties. Compl. ¶¶ 215-20.

5. Plaintiffs' Third Claim for Relief asserts a negligence claim against Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson. Compl. ¶¶ 221-32. Plaintiffs allege these Defendants breached their duty of care to Plaintiffs by, *inter alia*, releasing toxic chemicals from the Fayetteville Works Site and failing to remediate the impact and harm to Plaintiffs and their properties. *Id.*

6. Plaintiffs next assert their Fourth Claim for Relief against Corteva and DuPont Inc. for negligence. Comp. ¶¶ 233-40. Plaintiffs allege that these Defendants breached their duty of care to Plaintiffs by, *inter alia*, inadequately funding Chemours. *Id.*

7. Plaintiffs asserts their Fifth Claim for Relief for negligent failure to warn against all Defendants. Compl. ¶¶ 241-47. Plaintiffs allege that Defendants negligently released toxic chemicals on Plaintiffs' properties then failed to warn Plaintiffs of the likelihood that the releases of toxic chemicals were causing contamination. *Id.*

8. Plaintiffs' Sixth Claim for Relief is asserted only against DuPont, Corteva, and DuPont Inc. Compl. ¶¶ 248-57. Plaintiffs allege that these Defendants violated the North Carolina

Uniform Voidable Transfer Act, *see* N.C. Gen. Stat. § 39-23.4, for their actions involved in transferring assets and liabilities to Chemours. *Id.*

9. Plaintiffs assert their Seventh Claim for Relief for unjust enrichment against Chemours, DuPont, and DuPont Chemical. Compl. ¶¶ 258-62. Plaintiffs allege that these Defendants were unjustly enriched by failing to incur costs to limit or prevent the release of toxic chemicals and failing to remediate the resulting contamination to Plaintiffs and their properties. *Id.*

10. In Plaintiffs' Eighth Claim for Relief, they allege a civil conspiracy against Chemours, DuPont, DuPont Chemical, Corteva, and DuPont Inc. Compl. ¶¶ 263-68. Plaintiffs allege these Defendants conspired to perform conduct that caused the release of toxic chemicals on Plaintiffs' properties, resulting in exposure to Plaintiffs to their detriment. *Id.*

11. Plaintiffs purports to seek compensatory damages, disgorgement of profits and savings, punitive damages, and interest, costs, and attorneys fees. Compl. at 95, WHEREFORE (a)-(f).

## REMOVAL IS TIMELY AND VENUE IS PROPER IN THIS DISTRICT

12. The State Court Action was filed September 15, 2020. Counsel for Chemours and DuPont entered a Notice of Appearance and waived service of process on October 5, 2020, before Chemours or DuPont were formally served in the State Court Action. Accordingly, this Notice of Removal is filed within the thirty (30) day time frame provided by 28 U.S.C. § 1446(b).

13. The Eastern District of North Carolina is the federal district embracing Bladen County, North Carolina, where the State Court Action was originally filed. 28 U.S.C. § 113(a). Thus, venue is proper in this District. 28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY IS SATISFIED

14. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This action may be removed pursuant to 28 U.S.C. § 1441 because the amount-in-controversy exceeds $75,000, exclusive of interest and costs, the parties who are not fraudulently joined are citizens of different states, and none of the properly joined defendants is a citizen of North Carolina.

15. North Carolina allows punitive damages of $250,000, or three times the amount of compensatory damages, whichever is greater. N.C. Gen. Stat. § 1D-25. Punitive damages are properly included in the amount-in-controversy calculation. *See Peraldo v. TNOW Entertainment Grp., Inc.*, No. 1:08CV779, 2009 WL 15059, at *4 (M.D.N.C. Apr. 14, 2009).

16. Attorneys fees can be considered in evaluating the amount in controversy. *Citibank, N.A. v. Jackson*, No. 3:16-CV-00712, 2018 WL 1040100, at *2 (W.D.N.C. Feb. 23, 2018).

17. These Plaintiffs' claims are unlimited as to time and dollars, and by any standard of measurement amount to hundreds of thousands – if not millions – of dollars. Plaintiffs are seeking "compensatory and punitive damages," "an award for disgorgement of the profits and savings that were obtained by the unjust enrichment of Defendants at the expense of Plaintiffs," and "attorneys fees." *See* Compl. at 95, WHEREFORE (b)-(e).

18. Thus, although Defendants deny that Plaintiffs are entitled to recover any amount, and deny that Plaintiffs are entitled to any of the relief sought, in consideration of all of the damages sought by Plaintiffs' causes of action—compensatory damages, punitive damages, and attorneys fees—the amount in controversy exceeds $75,000 thus satisfying 28 U.S.C. § 1441.

# DIVERSITY OF CITIZENSHIP EXISTS AS TO THE PROPER PARTIES

## The Parties Who Are Not Fraudulently Joined Are Diverse

19. Plaintiffs each allege that they are residents of North Carolina. Compl. ¶¶ 2-47.

20. Plaintiffs' Complaint admits that several Defendants are not residents of North Carolina. *See* Compl. ¶¶ 48-53.

21. Indeed, The Chemours Company is and was a corporation organized outside the State of North Carolina, organized under the laws of Delaware. Compl. ¶ 48. It has and had its principal place of business outside the State of North Carolina, located in Wilmington, Delaware. Compl. ¶ 48.

22. The Chemours Company FC, LLC is and was a company organized outside the State of North Carolina, wholly owned by The Chemours Company, and had its principal place of business outside the State of North Carolina, located in Wilmington, Delaware. Compl. ¶ 49. *See Didier v. Value Place, LLC*, No. 5:10-CV-2-F, 2010 WL 11622675, at *2 (E.D.N.C. Mar. 9, 2010) (noting that an LLC's citizenship if determined by the citizenship of its members and denying motion to remand and finding complete diversity existed where no member of an LLC was a resident or citizen of North Carolina) (citing *Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3 698 (4th Cir. 2010)).

23. DuPont is and was a corporation organized outside the State of North Carolina, organized under the laws of Delaware. Compl. ¶ 51. It has and had its principal place of business outside the State of North Carolina, located in Wilmington, Delaware. Compl. ¶ 51.

24. Likewise, DuPont Chemical, DuPont Inc., and Corteva are also alleged to be corporations organized under the laws of Delaware, with their principal places of business outside the State of North Carolina, in Wilmington, Delaware. Compl. ¶¶ 50, 52, 53.

25. A corporation is a citizen of every state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Defendants Chemours, DuPont, DuPont Chemical, DuPont Inc., and Corteva are each citizens of the State of Delaware.

**The North Carolina Defendants Have Been Improperly and Fraudulently Joined**

26. Plaintiffs also name Ellis McGaughy, Michael Johnson, and Brian Long (collectively, "North Carolina Defendants") as defendants. Compl. ¶¶ 54, 56, 58. Plaintiffs allege the North Carolina Defendants are each residents of North Carolina. *Id.*

27. The citizenship of the North Carolina Defendants, however, should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1441(b) because Plaintiffs have failed to state a claim against the North Carolina Defendants, have no possibility of obtaining recovery against the North Carolina Defendants, and have named the North Carolina Defendants solely for the improper purpose of attempting to defeat this Court's diversity jurisdiction. Because the North Carolina Defendants have been fraudulently joined solely for the purpose of attempting to defeat diversity jurisdiction, removal jurisdiction is proper. *See Johnson v. American Towers, LLC*, 781 F.3d 693, 704-06 (4th Cir. 2015) (affirming district court's conclusion that because there was no possibility of success against the in-state defendants, those defendants were fraudulently joined and should be dismissed); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (recognizing that the fraudulent joinder doctrine "effectively permits the district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.").

28. "To determine whether joinder is fraudulent, 'the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Capparelli v. AmeriFirst Home Imp. Fin. Co.*, 535 F.Supp.2d

554, 559 (E.D.N.C. 2008) (quoting *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). Just as this Court dismissed the nondiverse defendant in *Capparelli* pursuant to the fraudulent joinder doctrine, *id.* at 561, this Court may properly look to the entire record and dismiss the nondiverse North Carolina Defendants, as well.

29. The allegations against the North Carolina Defendants appear only under the "Defendants" subsection in paragraphs 54 through 64 of the Complaint, where Plaintiffs allege that the North Carolina Defendants were employees of other Defendants at the Fayetteville Works site. Plaintiffs make conclusory and legally nonspecific allegations about the responsibilities of the North Carolina Defendants at the Fayetteville Works site, such as naming McGaughy as the "designated responsible official" to whom correspondence was addressed, or referring to Long as the "go to guy" for safety issues. *See* Compl. ¶¶ 54-64. Yet, beyond simply naming the North Carolina Defendants in the list of Defendants to whom particular causes of action are asserted, the remainder of the Complaint is void of any reference to the North Carolina Defendants. Plaintiffs collectively reference "Defendants" throughout the Complaint, but they allege no dates of employment for any of the North Carolina Defendants. Plaintiffs' factual allegations date back to as early as 1951, *see* Compl. ¶ 73, and focus on the release of GenX beginning in 1980. *See* Compl. ¶ 75. Indeed, much of conduct alleged by Defendants pre-dates any of the North Carolina Defendants' employment at the Fayetteville Works site. For example, Defendant Long has only worked at Fayetteville Works since 2019, well after the time that Plaintiffs allege they began to suffer damages caused by Defendants.

30. Such a disconnect between the timeline of a defendant's actions and Plaintiffs' damages claims establishes that "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendants in state court." *Higgs v. Brian Center Health* 367

F.Supp.3d 439, 447 (E.D.N.C. 2019). In *Higgs*, the plaintiff alleged that several business entities were engaged in a "joint enterprise" to operate the nursing facility to which the decedent was admitted on July 14, 2015. *Id.* at 446-48. But this Court concluded that despite plaintiff's reference to "joint enterprise" among the diverse and nondiverse defendants, the nondiverse defendants "were not involved with or related to the nursing home when [the decedent] was admitted on July 14, 2015." *Id.* at 448. Given the impossibility of the nondiverse defendants' liability based on that timeline, the Court applied the fraudulent joinder doctrine, dismissed the nondiverse defendants, and exercised diversity jurisdiction over the case. *Id.* The same reasoning applies here.

31. Beyond the problems with the timeframe of the allegations compared to the periods of employment, Plaintiffs fail to tie any specific conduct alleged to have caused damage to the Plaintiffs to any of the North Carolina Defendants. Plaintiffs do not allege that any specific action by the North Carolina Defendants constituted any tort or caused any damage. Plaintiffs' specific allegations about the North Carolina Defendants do not suffice to state any cause of action under North Carolina law. For example, Plaintiffs allege that the North Carolina Defendants "committed and/or actively participated in the torts described herein and/or directed that the tortious acts causing the release of toxic chemical from the Fayetteville Works Site and Facility." Compl. ¶ 62. But these conclusory allegations, lacking any nexus between an individual's specific action and damages, are insufficient to state a claim against the North Carolina Defendants. The more specific allegations by Plaintiffs, such as "McGaughy signed permit applications representing the status of the Site and its emissions to State of North Carolina officials," Compl. ¶ 55, do not allege a violation of any law or the commission of any tort. The signing of a permit application, alone, does not constitute a trespass to real property, a private nuisance, negligence, negligent failure to

warn, or battery. Indeed, none of the specific allegations about the North Carolina Defendants' conduct demonstrates how they committed any of the torts alleged against them. Accordingly, based on the face of the Complaint, Plaintiffs failed to state a claim against the North Carolina Defendants, and the North Carolina Defendants' citizenship should be disregarded for diversity jurisdiction purposes. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

32. Where there is no possibility that the plaintiff can establish claims against the individuals in state court, the Court should dismiss the nondiverse defendants pursuant to the fraudulent joinder doctrine. *See Sampson v. Leonard*, No. 4:10-CV-121, 2011 WL 129634, at *3 (E.D.N.C. Jan. 12, 2011). Here, Plaintiffs have "failed as a matter of law to allege conduct sufficient to sustain" their trespass to real property, a private nuisance, negligence, negligent failure to warn, or battery claims "against the individual defendants." *Id.* at *4. It is clear from the face of the Complaint that Plaintiffs cannot establish any of these tort claims against the North Carolina Defendants in state court. Just as this Court dismissed the nondiverse defendants in *Sampson* because the plaintiff could not establish any of his claims against them, *id.* at *5, this Court should likewise dismiss the North Carolina Defendants here.

33. Plaintiffs concede that the North Carolina Defendants "were acting within the scope of their employment and authority during the time chemicals were released to the properties of Plaintiffs and their household water supplies." Compl. ¶ 64. Yet, the "crux of this case" is not the manner in which the North Carolina Defendants carried out their job duties at the Fayetteville Works site, but the manner in which the other Defendants allegedly manufactured, used, stored, handled, and released various compounds over several decades. *See Harris v. State Farm Fire*

*and Casualty Co.*, No. 5:13-CV-61, 2013 WL 3356582, at *3 (E.D.N.C. July 3, 2013) (finding employee was fraudulently joined and denying plaintiff's motion for remand).

34. In determining whether a plaintiff fraudulently joined a nondiverse defendant, the Fourth Circuit also allows this Court to consider whether the plaintiff intends to collect a judgment against the nondiverse defendant. *See Aids Counseling*, 903 F.2d at 1003 ("[A] joinder is fraudulent if there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.") (internal quotations omitted). While this factor cannot form the sole basis for a finding of fraudulent joinder, it is persuasive when viewed alongside other facts. *Id.* Here, Plaintiffs cannot plausibly claim that they intend to seek a joint judgment to recover from the North Carolina Defendants, in light of having also sued multiple corporate Defendants, including those that employed the North Carolina Defendants. The present case does not present a scenario where a plaintiff would seek a joint judgment against both the in-state and out-of-state defendants, *i.e.*, the North Carolina Defendants are not local businesses in partnership with national businesses, such that all of the defendants may be reasonably expected to pay a share of any judgment. This Court should weigh Plaintiffs' lack of intention to collect a judgment against the North Carolina Defendants in favor of removal.

35. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to conduct jurisdictional discovery (if necessary), file a brief, and present oral argument to confirm that this Court has jurisdiction and that this case has been properly removed.

## DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

36. In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all other parties, and a true and correct copy of the Notice of Removal is being filed with the Clerk of Superior Court for Bladen County, North Carolina.

37. Generally, all defendants who have been served must consent to removal. *See Mayo v. Bd. of Educ. of Prince George's County*, 713 F.3d 735, 741 (4th Cir. 2013). Upon information and belief, Chemours and DuPont believe that only Defendants McGaughy and Johnson have been served. In an abundance of caution, all Defendants join in this Notice of Removal. Consent forms from each Defendant are attached as Exhibit B.

38. Pursuant to 28 U.S.C. § 1446(a), Chemours and DuPont have not been served with any process, pleadings, or orders, but they have attached as Exhibit "A" all process, pleadings, and orders of which they are aware.

39. Chemours and DuPont reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Chemours and DuPont respectfully pray that the State Court Action be removed from the General Court of Justice, Superior Court Division, Bladen County, North Carolina, to the United States District Court for the Eastern District of North Carolina, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

Dated: October 6, 2020  Respectfully submitted,

*/s/ Thomas H. Segars*
Thomas H. Segars

State Bar No. 29433
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Facsimile: 919-865-7010
tom.segars@elliswinters.com


 */s/ Kenneth J. Reilly*
Kenneth J. Reilly, *Appearance Under Local Civil Rule 83.1(e)anticipated*
SHOOK, HARDY & BACON, L.L.P.
201 S. Biscayne Blvd.
3200 Miami Center
Miami, FL 33131
Phone: 305-960-6907
Facsimile: 305-385-7470
kreilly@shb.com

Dave Erickson, *Appearance Under Local Civil Rule 83.1(e) anticipated*
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: 816-474-6550
Facsimile: (816) 421-5547
derickson@shb.com


***Attorneys for Defendants The Chemours Company FC, LLC, The Chemours Company, and E.I. DuPont de Nemours and Company***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 6th day of October, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and the Court's Electronic Filing System and that the undersigned has served the foregoing by having an employee of Ellis & Winters acting at the undersigned's direction send the same by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Mark A. Sternlicht
BEAVER COURIE STERNLICT HEARP &
BROADFOOT, P.A.
State Bar No. 8519
P.O. Drawer 2275
230 Green Street
Fayetteville, NC 28302
Telephone: 910-323-4600
Facsimile: 910-323-3402
mas@beavercourie.com


Kevin S. Hannon
THE HANNON LAW FIRM, LLC
1641 Downing Street
Denver, CO 80218
Telephone: 303-861-8800
Facsimile: 303-861-8855
khannon@hannonlaw.com


*Attorneys for Plaintiffs*

                                                */s/ Thomas H. Segars*
                                                Thomas H. Segars